By The Court.
The donation of the “Public Square” in the city of Cleveland by the Connecticut Band Company, was not made to the city of Cleveland, but to the public generally; and the court erred in so holding. It was there *437 fore competent to tbe legislature to authorize the erection of a soldiers’ monument upon this square without the consent of the city, as done by the act passed April 16,1888, (85 Raws 564).
The objection that the persons composing the commission created for the erection of the monument, are officers; virtually appointed'by the legislature, and that the act is there-, fore unconstitutional, is, we think, untenable. If they are officers, within the meaning of the constitution, the direction for their appointment by the Governor from “the present Monumental Committee of the Cuyahoga County Soldiers’ and Sailors’ Union, ” is impersonal, and does not require the appointment of specific persons; whoever at the time the appointment is made, compose that committee, may be appointed by the Governor, whether they were such members at the passage of the act or not.
But it also seems clear from the previous decisions of this court, 'that the members composing this commission, are not officers within the meaning of $ec, 27, art. 2, of the constitution, denying to the legislature the power of appointment to office. Walker v. Cincinnati, 21 Ohio St. 14, 50.
They are created for the accomplishment of a particular purpose — the erection of a monument, and their functions end with the accomplishment of that purpose. It was held in the case just cited, that persons clothed with such temporary functions are not regarded as officers^ within the meaning of the constitution.

Judgment reversed, and petition oj the plaintijp below dismissed.